1
2
3
4

Anthony L. Marcus, CA Bar No. 297368
*anthony@anthonymarcuslawfirm.com*
Anthony Marcus Law Firm
17272 Newhope Street
Fountain Valley, CA 92708
Tel: (949) 463-2727

5
6

*Counsel for Defendant*

7

## UNITED STATES DISTRICT COURT

8

## MIDDLE DISTRICT OF PENNSYLVANIA

9

| | |
|---|---|
| 10 | |
| 11 | ADRIANNE GRZYBOWSKI, |
| 12 | Plaintiff, |
| 13 | v. |
| 14 | TAX RISE, INC. |
| 15 | Defendant. |
| 16 | |

Case No. 3:2022-cv-01611-MCC

Hon. Martin C. Carlson

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Complaint filed: October 13, 2022

Trial Date: None Set

17

18
19

Defendant TAX RISE, INC. ("Defendant") now answers Plaintiff's Complaint (the "Complaint") against it, as follows:

20
21

Except as expressly admitted or qualified hereafter, Defendant denies each and every allegation of the Complaint.

22

## JURISDICTION

23
24
25

1.    This action arises of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. Seq.* (the "TCPA") and 47 C.F.R. §64.1200(c)(2).

26
27
28

**Answer:** Defendant admits to the jurisdiction of the Court based on the TCPA regulations. Defendant denies the remaining allegations in Paragraph 1.

2.    Venue is proper in this District pursuant to 28 U.S.C. § 139(b), in that the Defendant transacts business in this district and a substantial portion of the acts giving rise to this action occurred in this District.

**Answer:** Defendant admits to the allegations contain in paragraph 2.

## PARTIES

3.    The Plaintiff, Adrianne Grzybowski ("Plaintiff"), is an individual residing in Wilkes Barre, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** Defendant admits on information and belief that Plaintiff is an "individual." With respect to the remaining allegations in paragraph 3, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the reminder allegations and therefore denies the remainder of the allegations.

4.    Defendant Tax Rise, Inc. ("Defendant"), is a California business entity with an address of 19900 MacArthur Boulevard, Suite 400, Irvine, California 92612, and is a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** Defendant admits to the allegations contain in paragraph 4.

## THE NATIONAL DO-NOT-CALL REGISTRY

5.    The National Do-Not-Call Registry allows consumers to register their telephone number and therby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)

**Answer:** Defendant admits the allegations contain in paragraph 5.

6.    A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed

by the database administrator." *Id.*

**Answer:** Defendant admits to the allegations contained in paragraph 6.

7.      The TCPA and implementing regulations prohibit the initiation of the telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(2); 47 C.F.R. §64.1200(c)(2).

**Answer:** Defendant admits to the allegations contained in paragraph 7.

8.      Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC.* 2021 WL 689912, at *4-5 (D. Ariz. Feb. 23, 2021).

**Answer:**  Defendant admits to the allegations contained in paragraph 8.

### FACTUAL ALLEGATIONS

9.      Plaintiff's cellular number, 570-XXX-6427, has been registered with the national Do-Not-Call Registry since February 2, 2007.

**Answer:** Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore currently denies them.

10.     Plaintiff does not have a separate residential telephone number and uses the cellular telephone as a residential telephone number.

**Answer:**  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore currently denies them.

- 3 -

1

2

3      11.    Within the last year, Defendant initiated telephone solicitations to Plaintiff's
       cellular telephone by sending repeated text messages to Plaintiff's cellular
       telephone regarding assistance with tax debt.

4

5            **Answer:**  Defendant denies the allegations contained in paragraph 11.

6      Defendant secures its costumers' consent prior to initiate any type of

7      communication with them.

8

9      12.    In January 2021 and multiple times, plaintiff replied to Defendant's texts
       with "STOP."

10

11           **Answer:**  Defendant denies knowledge or information sufficient to form a

12     belief as to the truth of the allegations contained in paragraph 12 and therefore

13     currently denies them. Defendant secures its costumers' consent prior to initiate any

14     type of communication with them.

15

16     13.    Despite Plaintiff's unequivocal instructions that Defendant stop all text
       messages, Defendant did not cease its telemarketing text messages to Plaintiff's

17     cellular telephone within a reasonable amount of time.

18

19           **Answer:**  Defendant denies knowledge or information sufficient to form a

20     belief as to the truth of the allegations contained in paragraph 13 and therefore

21     currently denies them. Defendant secures its costumers' consent prior to initiate any

22     type of communication with them.

23     14.    Plaintiff continued to receive the unwanted text message solicitations from
       Defendant through mid-March 2021.

24

25

26           **Answer:**  Defendant denies knowledge or information sufficient to form a

27     belief as to the truth of the allegations contained in paragraph 14 and therefore

28

currently denies them. Defendant secures its costumers' consent prior to initiate any type of communication with them.

## **COUNT 1**

## **VIOLATIONS OF THE TCPA**

### **(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**

15.     The Plaintiff incorporates by reference all the above paragraphs of this Compliant as though fully stated herein

**Answer:**  Defendant incorporates its responses in all the above paragraphs of this answer as though fully stated herein.

16.     47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to … (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

**Answer:**  Defendant admits to the allegations contained in paragraph 16.

17.     The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations …." 47 U.S.C. § 227(c)(2).

**Answer:** Defendant admits the allegations contained in paragraph 17.

18.     Defendant knowingly and willfully violated 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 63.1200(c)(2) by initiating more than one telephone solicitation text messages to Plaintiff's cellular telephone within a 12-month period despite the fact that Plaintiff's cellular telephone was registered on the National Do-Not-Call Registry at all relevant times.

**Answer:**  Defendant denies the allegations contained in paragraph 18 in its entirety. Defendant secures its costumers' consent prior to initiate any type of communication with them.

19.   Plaintiff is entitled to an award of $500.00 in statutory damages for each text message sent by the Defendant in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**Answer:**  Defendant denies the allegations contained in paragraph 19 in its entirety. Defendant secures its costumers' consent prior to initiate any type of communication with them.

20.   Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each text message Defendant sent to Plaintiff that constitutes a knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

**Answer:** Defendant denies the allegations contained in paragraph 20. Defendant secures its costumers' consent prior to initiate any type of communication with them.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A.   Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

**Answer:** Defendant denies the allegations contained in number A.

B.   Treble Damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(c); and

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Answer:** Defendant denies the allegations contained in number B.

C.      Such other and further relief as may be just and proper.

**Answer:** Defendant denies the allegations contained in number C.

## **JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendant asserts the following affirmative defenses. Defendant reserves all rights to assert additional or amended defenses:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

3.      Plaintiff's damages, if any, were caused, in whole or in part, by the actions and/or inactions of third parties and/or intervening causes over which Defendant has no control.

4.      Plaintiff has not been damaged.

5.      Plaintiff's claims are barred, in whole or in part, by her prior express consent.

6.      Plaintiff's claims for damages constitute an excessive fine and violates Defendant's due process rights under the Fifth, Eighth, and Fourteenth

- 7 -

Amendments to the United States Constitution.

7.   Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

8.   Plaintiff's claims are barred, in whole or in part, because any award would constitute unjust enrichment.

9.   Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

10.  Plaintiff's claims are barred, in whole or in part, because Defendant substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

11.  Defendant reserves the right to assert additional affirmative defenses as they are discovered through the course of discovery.

WHEREFORE, Defendant respectfully requests that the Court:

  a.  Dismiss all of Plaintiff's claims against Defendant with prejudice and on the merits;

  b.  That Plaintiff take nothing by the Complaint;

  c.  Award Defendant all costs, disbursements, and reasonable attorney fees  allowed by law; and

  d.  Grant Defendant any such further relief to which it may be entitled.

1

Dated:  December 2, 2022                    ANTHONY MARCUS LAW FIRM

2

3                                            By: /s/Anthony Marcus

4                                                Anthony L. Marcus
                                                 Counsel for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Anthony L Marcus, certify and declare that I am an active member of the State Bar of California and am not a party to this action. My business address is: Anthony Marcus Law Firm, 17272 Newhope Street Fountain Valley, CA 90708.

On December 05, 2022, I served a true and correct copy of:
**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**
on the Party(ies) in this action as follows:

Jody B. Burton, Esq.                          Attorneys for Plaintiff,
Lemberg Law, L.L.C.                           Adrianne Grzybowski
43 Danbury Road, 3rd Floor
Wilton, CT 06897
jburton@lemberglaw.com

☒  (VIA U.S. MAIL) In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Fountain Valley California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☒  (BY ELECTRONIC SERVICE) I caused service of the foregoing document(s) to be sent on the above-mentioned date. I monitored the transmission of the electronic service thereafter. I found no indication of a return or failure of said transmission to the e-mail address(es) listed below, as follows:

I declare under the penalty of perjury under the laws of the State of California, that the above is true and correct.

DATE:  December 05, 2022

/s/ Anthony Marcus

Anthony Marcus

- 10 -